IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BOBBY JOE TURNER,            )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )     2:24cv299-MHT
                             )         (WO)
CITY OF CLANTON, ALABAMA,    )
A Municipality, et al.,      )
                             )
    Defendants.              )
```

OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983, plaintiff Bobby Joe Turner filed this lawsuit against the City of Clanton, Alabama; three police officers employed by the City; Chilton County, Alabama, which ran the jail where plaintiff was incarcerated; and a jailer employed at the Chilton County Jail. Plaintiff's amended complaint asserts that the three Clanton police officers gave him a breathalyzer and arrested him in violation of his Fourth Amendment rights; that they did so pursuant to a policy of the City of Clanton; that, while jailed after

arrest, as a result of a Chilton County policy, plaintiff was badly beaten without justification by jail officers employed at the Chilton County Jail, causing him to have a stroke; and that a Chilton County jailer named Easterland watched the beating and did nothing to intervene. Defendants City of Clanton and its three officers jointly filed a motion to dismiss, as did defendant Chilton County. One of Clanton officers, Austin Turner, also filed a renewed motion to quash service.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the motions to dismiss be granted and the motion to quash be denied as moot. Also before the court are plaintiff's objections to the recommendation. In this filing, plaintiff objects to the dismissal of the claims against the City of Clanton and the Clanton

2

officers and concedes that his claim against Chilton County should be dismissed.[1]

After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the recommendation adopted to the extent that the magistrate judge recommends dismissal of the claim against Chilton County and the claims against the City of Clanton and the Clanton officers for failure to state a claim. The court does not adopt the recommendation's reasoning regarding

---

1. In his objection, plaintiff also seeks leave of court to file a second amended complaint naming Chilton County Sheriff John Shearon as a defendant in place of defendant Chilton County. If plaintiff wishes to file a second amended complaint, he should file a proper motion for leave to amend the complaint along with a copy of the proposed second amended complaint. A two-year statute of limitations applies to claims under 42 U.S.C. § 1983 in Alabama, see *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989), and it appears that over two years have passed since the events at issue in the complaint. Assuming the limitations period has expired, an amendment to add a new defendant will be futile unless the requirements for relation back under Fed. R. Civ. P. 15(c)(1) have been met.

improper service of process and declines to dismiss the claims against the Clanton officers on that alternative basis.[2] In any case, because the court dismisses the claims against the Clanton officers on the merits, the result is the same.

---

2. If the claims against defendants Turner, Marley, and Freeman were otherwise viable, the court would find good cause to extend the time for service under Federal Rule of Civil Procedure 4(m), as it is incumbent upon the court and Marshal's Service to serve the defendants given plaintiff's in forma pauperis status. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–87 (11th Cir. 2009) ("Together, Rule 4(c)[3] [of the Federal Rules of Civil Procedure] and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint."); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in ... [in forma pauperis] cases."); Fed. R. Civ. P. 4(c)(3) (requiring courts to order U.S. Marshal to serve process in cases brought in forma pauperis). Moreover, the defendant law enforcement officers' and jailers home addresses may be difficult for plaintiff to find due to state law. *See* Ala. Code § 41-13-7.1. However, the Marshal's Service should be able to serve law enforcement officers and jailers personally.

4

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Plaintiff's objections (Doc. 66) are overruled, except as to service of process.

(2) The United States Magistrate Judge's recommendation (Doc. 62) is adopted to the extent set forth above.

(3) Defendant Chilton County's motion to dismiss (Doc. 42) is granted, and plaintiff's claims against Chilton County are dismissed with prejudice.

(4) Defendants City of Clanton, Alabama, Austin Turner, Joshua Marley, and Corporal Freeman's motion to dismiss (Doc. 49) is granted for failure to state a claim, and plaintiff's claims against said defendants are dismissed without prejudice.

(5) Defendant Turner's renewed motion to quash service (Doc. 39) is denied as moot.

...

This case is not closed, and remains pending on plaintiff's failure-to-intervene claim against defendant Jailer Easterland.

This case is referred back to the United States Magistrate Judge to address, inter alia, service of process on defendant Easterland.[3]

DONE, this the 20th day of February, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

[3]. The court notes that plaintiff previously filed a proposed summons as to Jailer Easterland (Doc. 27).