IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY JOE TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-299-MHT-KFP |
| | ) | |
| JOHN SHEARON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant John Shearon, Jailer Easterling, and Austin Turner's[1] Motion for More Definite Statement. Doc. 93. The motion is fully briefed and ripe for review. Upon consideration of the parties' filings, the Court finds that the motion is due to be denied.

**I.     STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement . . . if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response." *Vargas ex rel. Alvarez v. Lincare, Inc.*, 134 F.4th 1150, 1163 (11th Cir. 2025) (Tjoflat, J., concurring) (quoting Fed. R. Civ. P. 12(e)). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Faulk v. Home Oil Co.*, 173 F.R.D. 311, 313 (M.D. Ala. 1997)

---

[1] On October 16, 2025, Defendant Austin Turner filed a Joinder in Motion for More Definite Statement (Doc. 103) expressly joining in the Motion for More Definite Statement filed by Defendants Shearon and Easterling.

(quoting *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)). "The motion . . . must point out the defects complained of and the details desired." *Fennell v. Valenza*, 2025 U.S. Dist. LEXIS 123650, at *4 (M.D. Ala. June 30, 2025) (quoting Fed. R. Civ. P. 12(e)).

In addition, "Rule 12(e) should be considered in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Under Rule 8 of the Federal Rules of Civil Procedure, each factual allegation in a complaint should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## II.   PLAINTIFF'S THIRD AMENDED COMPLAINT

In his Third Amended Complaint, Plaintiff alleges that he was arrested by City of Clanton police officers, Defendants Austin Turner, Joshua Marley, and Corporal Freeman, outside a Waffle House in Clanton, Alabama. Doc. 83 ¶ 2. Following his arrest, he was transported to the Chilton County Jail. Doc. 83 ¶ 2. Plaintiff alleges that after his arrival, he asked Defendant Jailer Easterling "if he had her permission to say anything to the individual arresting defendant police officers." Doc. 83 ¶¶ 3–4. Plaintiff claims he then used an expletive directed at Marley and that Marley then "ran up to [him] and punched him in the face" after which "Defendant police officers" also "join[ed] into committing a group/gang beating" while Plaintiff was on the ground. Doc. 83 ¶¶ 4–5.

Plaintiff alleges that "[a]fter some time" while the "excessive physical gang-abuse was allowed to happen," Easterling "finally intervene[d]" by telling the officers to stop.

2

Doc. 83 ¶ 6. Plaintiff alleges that following this incident, "Jailer Easterling would not allow the Plaintiff to receive any medical care." Doc. 83 ¶ 8.

### III. DISCUSSION

Defendants Easterling, Shearon, and Austin Turner argue that Plaintiff's Third Amended Complaint is a shotgun pleading that "fails to identify any specific act or omission attributable to Sheriff Shearon and Jailer Easterling" and that "[t]his vagueness prevents [them] from formulating a meaningful response, raising applicable immunities, or otherwise preparing [a] defense[.]" Doc. 93 at 1–2. Defendants assert that the factual allegations asserted do not attribute any conduct arising in the complaint to any of them, and that Plaintiff fails to provide any date, location, or action by these Defendants "that would link them to the purported constitutional or tort claims." Doc. 93 at 2–3.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings[,]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), and the Eleventh Circuit "has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices[,]" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Shotgun pleadings fit into four categories. *Id.* at 1321. The first and "most common type" of a shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all

3

that came before and the last count to be a combination of the entire complaint." *Id.* The second type of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type of complaint fails to isolate "each cause of action or claim for relief" into different counts. *Id.* at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Upon review of Plaintiff's Third Amended Complaint, the Court finds that it does not contain elements of a shotgun pleading. Each of Plaintiff's claims are separated into separate counts and include specific claims asserted against each named Defendant. In contrast to the issues associated with the third and fourth types of shotgun pleading, which involve failures to isolate "each cause of action or claim for relief" or fail to "specify[] which of the defendants are responsible for which acts or omissions," *Weiland*, 792 F.3d at 1323, Plaintiff's Third Amended Complaint does not suffer from these deficiencies. And while Plaintiff "full reincorporate[s] and repeat[s]" the nine paragraphs of the fact section underneath each count (Doc. 83 ¶¶ 10, 13, 22), he does not "adopt[] the allegations of all preceding counts," which is characteristic of the first type of shotgun pleading, *Weiland*, 792 F.3d at 1321. Finally, Plaintiff's Third Amended Complaint does not suffer from the second symptom of a shotgun pleading because Plaintiff includes a nine-paragraph fact section pleading specific facts related to his arrest and transport to the jail, as well as separate paragraphs describing his time spent in the jail with four of the five named defendants. Doc. 83 ¶¶ 1–9. Thus, this iteration is not "replete with conclusory,

4

vague, and immaterial facts." *Weiland*, 792 F.3d at 1322. For these reasons, Plaintiff's Third Amended Complaint is not a shotgun pleading requiring a more definite statement.

In addition, looking beyond the symptoms of a shotgun pleading, Plaintiff's Third Amended Complaint identifies conduct that is attributed to each of these three Defendants. Certainly, Plaintiff's pleading lacks some clarity, but it does not lack the level of factual clarity completely preventing Defendants from formulating a response to it. For example, Plaintiff alleges that certain unnamed "gross abuses of incarcerated prisoners and/or subject's 8th Amendment rights" "clearly demonstrate[] that Sheriff Shearon failed to establish sufficient policies." Doc. 83 ¶ 11. These allegations are made in connection to Plaintiff's § 1983 claim against Shearon in "his official capacity," for "fail[ing] to establish sufficient policies." Doc. 83 ¶¶ 11–12. In addition, Plaintiff alleges that Easterling's actions amounted to a "failure to intervene." Doc. 83 ¶ 23. He alleges that "she and her co-workers supervised, allowed, and/or facilitated . . . the abuses and batteries upon a fully shackled and restrained undersigned Plaintiff." Doc. 83 ¶ 23. Separately, Plaintiff claims that Austin Turner as one of "the other individually named Defendant police officers" was engaged in "actions of group/gang beating a fully restrained detainee[.]" Doc. 83 ¶¶ 5, 15.

While the facts in these claims are threadbare, the pleading is not so "unintelligible" as to require a remedy, *Faulk*, 173 F.R.D. at 313; instead, Defendants' request appears to be "a vehicle for obtaining greater detail," *id.* However, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Fathom Expl., LLC v. Unidentified Shipwrecked Vessel or Vessels*,

5

352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) (alteration in original) (quoting *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993)).

## IV.  CONCLUSION

For the reasons stated above, Defendants Austin Turner, Shearon, and Easterling's Motion for More Definite Statement (Doc. 93) is DENIED.

DONE this 21st day of October, 2025.

 

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE