IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY JOE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-00299-BL |
| | ) | |
| JOHN SHEARON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 22, 2025, the Magistrate Judge recommended that the court grant in part and deny in part Defendants John Shearon, Jailer Easterling, and Austin Turner's Motion to Dismiss. (Docs. 108, 121). The Defendants object to the recommendation that the court deny their motion to dismiss the Plaintiff's excessive-force claim against Defendant Turner and failure-to-intervene claim against Defendant Easterling. (Doc. 122). The Plaintiff objects to the recommended dismissal of his claim against Defendant Shearon, his deliberate-indifference claim against Defendant Easterling, and his claims against Defendants Joshua Marley and Corporal Freeman for failure to serve. (Doc. 123).[1]

[1] The Plaintiff's objections include factual assertions and an attached police report that do not appear in the Third Amended Complaint (TAC). (Docs. 123, 123-1). "Ordinarily, [a court does] not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). The court therefore does not rely on the new factual assertions or the attached report when deciding whether the TAC states a claim.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

***DEFENDANTS' OBJECTIONS***

Regarding the Magistrate Judge's recommendation that the excessive-force claim against Defendant Turner proceed, the Defendants argue that the TAC relies on collective allegations and does not identify the force Defendeant Turner personally used. (Doc. 122 at 2–3). The objection lacks merit.

The Defendants are correct that § 1983 liability is personal. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, the court agrees with the Magistrate Judge that the TAC satisfies this requirement at the pleading stage. The TAC does not merely allege that an unidentified

group of defendants violated the Plaintiff's rights. The Plaintiff alleges that Defendants Turner, Marley, and Freeman arrested him and transported him to the jail. (Doc. 83 at 2-3, ¶ 2). The Plaintiff alleges that Defendant Marley struck the Plaintiff first while he was retrained and that the "other individually named Defendant police officers" then joined the beating. (Doc. 83 at 3-4, ¶ 5). In the count against Defendant Turner, the Plaintiff alleges that Turner acted "in concert" and "in tandem" with Marley and Freeman during the beating. (Doc. 83 at 6-7, ¶¶ 14–15).

Read together, those allegations do more than attach Defendant Turner's name to a collective legal conclusion. Although the Plaintiff does not identify the precise blow Turner allegedly delivered, his allegations plausibly identify Defendant Turner as a participant in the specific use of force at issue while the Plaintiff allegedly was restrained.

The alleged circumstances also support a plausible excessive-force claim. The courts consider, among other things, "the relationship between the need for the use of force and the amount of force used," the threat the officer reasonably perceived, and whether the detainee actively resisted. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The Plaintiff alleges that he remained fully restrained and on the ground and could not defend himself while the officers struck him. (Doc. 83 at 3-4, 6-7, ¶¶ 5, 14–15). Accepted as true, the court agrees with the Magistrate Judge that those allegations plausibly state that Defendant Turner purposely or knowingly used objectively unreasonable force. Therefore, the court OVERRULES Defendants' first objection.

The Defendants next object to the Magistrate Judge's recommendation that the Plaintiff's failure-to-intervene claim against Defendant Easterling proceed. (Doc. 122 at 3–4). They argue that the Plaintiff does not allege facts showing that Defendant Easterling had a realistic opportunity to intervene. The court disagrees. The Magistrate Judge correctly found that the Plaintiff's allegations that "Easterling could see the use of force taking place, that Easterling had time to act, and that Easterling failed to act," collectively, allege that Easterling "was in a position to intervene during the use of force." (Doc. 121 at 18).

Here, the Plaintiff alleges that the beating continued for approximately two to three minutes before Easterling told the officers, "that's enough." (Doc. 83 at 4, 10, ¶¶ 6, 24). The alleged duration of the force matters. In *Priester*, an attack lasting approximately two minutes gave an officer enough time to intervene. *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 (11th Cir. 2000). By contrast, an officer does not have a realistic opportunity to prevent force that occurs in a single, sudden act. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). The allegations here resemble *Priester*, not a sudden single-act case. The Plaintiff alleges that Defendant Easterling received him into jail custody before the beating, remained present while the officers struck him, could see that he was fully restrained, and allowed the beating to continue for approximately two to three minutes. (Doc. 83 at 3-4, 10, ¶¶ 3–6, 23–24). He further alleges that Easterling eventually stopped the beating by telling the officers, "that's enough." (Doc. 83 at 4, ¶ 6).

Those allegations plausibly show presence, awareness, and a realistic opportunity to act. Defendant Easterling's alleged eventual intervention does not defeat the claim. At this stage, the Plaintiff's allegations support a reasonable inference that Defendant Easterling observed the alleged force, had the ability to intervene, and waited before doing so. Whether she acted as quickly as the circumstances reasonably permitted presents a factual question the court cannot resolve against the Plaintiff at this stage in the proceedings. Thus, the court OVERRULES the Defendants' second objection.

***PLAINTIFF'S OBJECTIONS***

The Plaintiff objects to the recommended dismissal of Count I against Shearon. (Doc. 123 at 1-3). He argues that his allegations of a widespread policy or custom defeat Shearon's immunity. The objection is without merit.

The Plaintiff expressly sues Shearon in his official capacity. (Doc. 83 at 1, 5, ¶¶ 10–12). The Supreme Court has held that Alabama sheriffs, when performing their law-enforcement duties, "represent the State of Alabama, not their counties." *McMillian v. Monroe Cnty.*, 520 U.S. 781, 793 (1997). The Eleventh Circuit likewise has held that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt v. Jefferson Cnty.*, 137 F.3d 1285, 1288 (11th Cir. 1998) (en banc). Therefore, an official-capacity damages claim against Defendant Shearon operates as a claim against the State. But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" for purposes of damages liability. *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989). The court agrees with the Magistrate Judge that the damages claim against Defendant Shearon in his official capacity fails.

The Plaintiff's generic request for equitable relief does not save Count I. The exception for prospective relief requires a complaint to allege "an ongoing violation of federal law" and seek relief "properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted). The Plaintiff seeks relief for the completed events surrounding the Plaintiff's alleged December 2022 beating. It does not identify an ongoing violation or a prospective remedy directed at one.

The Plaintiff's policy-or-custom allegations do not alter that conclusion. *McMillian* does not permit a plaintiff to convert an Alabama sheriff into a county policymaker when the sheriff operates a county jail on the State's behalf. Even apart from those defects, the Plaintiff does not plausibly allege the asserted widespread practice. The Plaintiff alleges that Defendant Shearon had a "public and well-documented objective history" of detainee abuse and maintained an unconstitutional de facto policy. (Doc. 83 at 5, ¶¶ 11–12). But the Plaintiff identifies no prior similar incident, detainee, complaint, investigation, or other factual matter from which the court could reasonably infer a widespread practice. A conclusory assertion does not become factual merely because the pleading uses the words "policy" and "custom." *See Iqbal*, 556 U.S. at 678. Therefore, the court OVERRULES the Plaintiff's objection to the recommended dismissal of Count I.

The Plaintiff next objects to the recommended dismissal of his deliberate-indifference claim against Defendant Easterling. (Doc. 123 at 3-5). That objection fails. A pretrial detainee's medical-care claim under the Fourteenth Amendment follows the same deliberate-indifference standard that governs a convicted prisoner's claim under the Eighth Amendment. *Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017). The Plaintiff must plausibly allege an objectively serious deprivation and that Defendant Easterling acted with "subjective recklessness as used in the criminal law" that she actually knew her own conduct placed him at a substantial risk of serious harm. *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc).

The subjective component is where the Plaintiff's allegations fall short. The Plaintiff alleges that Defendant Easterling witnessed the beating and refused to allow the Plaintiff to receive medical care after he requested urgent assistance. (Doc. 83 at 4, 10-11, ¶¶ 6–8, 25–26) The Plaintiff alleges that after a beating while restrained, he experienced blackouts, irregular breathing, heart palpitations, and delirium. (Doc. 83 at 3-4, 10-11, ¶¶ 5–8, 25–26). The Magistrate Judge correctly concluded that these allegations plausibly allege an objectively serious medical need. (Doc. 121 at 20). However, the court agrees with Magistrate Judge that the Plaintiff does not plead enough facts to satisfy the subjective component. (Doc. 121 at 20).

The Plaintiff alleges that Defendant Easterling refused to allow him to receive medical care after he asked for urgent medical assistance. (Doc. 83 at 4, 10-11, ¶¶ 7–8, 25–26). Those allegations are serious, but they do not plausibly allege that Defendant

Easterling actually understood that her own conduct created a substantial risk of serious harm. Subjective knowledge may be inferred from circumstantial evidence, including an obvious risk, but the pleading must still support a reasonable inference that Defendant Easterling actually knew her refusal of care exposed the Plaintiff to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Plaintiff does not allege what symptoms Defendant Easterling personally observed, what symptoms the Plaintiff communicated to her, how long the alleged denial of care lasted, what medical care was available to her to provide or secure, or facts showing that she consciously disregarded a known serious risk rather than failed to respond adequately. Deliberate indifference requires more than negligence, mistake, or an inadequate response. The pleading must contain facts supporting subjective recklessness. *Wade*, 106 F.4th at 1262. The court agrees with the Magistrate Judge that the Plaintiff's allegations do not cross that line. Therefore, the court OVERRULES the Plaintiff's objection to the recommended dismissal of his deliberate-indifference claim. Because the dismissal of this claim rests on insufficient factual pleading, the dismissal is without prejudice.

Finally, the Plaintiff objects to the recommended dismissal of Defendants Marley and Freeman for failure to serve. (Doc. 123 at 5-8). The court agrees with the Magistrate Judge's finding that Defendants Marley and Freeman have not been properly served.[2] Naming a party in an amended complaint does not initiate service. Because Defendants

---

[2] Defendant Austin Turner stands in a different posture because he appeared and challenged the TAC on the merits. The present Rule 4(m) issue concerns Defendants Marley and Freeman.

Marley and Freeman were never served with any iteration of the complaint, the 90-day service window under Rule 4(m) has long expired.

Rule 4(m) provides that, when a plaintiff fails to serve a defendant within ninety days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, the court must extend the service period. *Id.* Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted).

Even if the Plaintiff cannot establish good cause, that would not end the inquiry. When a plaintiff fails to establish good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. Only after considering those circumstances may the court dismiss without prejudice or direct service within a specified time. *Id.*

In his objections, the Plaintiff relies on the earlier service of Defendant Marley (doc. 13), an earlier proposed summons for Freeman (doc. 27), motions to amend (docs. 66, 68), and a service directive concerning an earlier pleading (doc. 73). However, the prior dismissal order terminated the claims against Defendants Marley and Freeman. (Doc. 69). The later order granting leave to amend did not restore the legal effect of earlier service or eliminate the obligation to serve the operative pleading. The TAC superseded the

earlier pleadings. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011).

The Plaintiff's *in forma pauperis* status entitles him to court-assisted service, but it does not relieve him of providing the information necessary to identify and locate the defendants. Here, the Plaintiff did not submit new summons forms or current service information for Defendants Marley and Freeman after filing the TAC. And the court finds that the procedural history in this case does not warrant an extension of time for the Plaintiff to submit new summons forms with service information for Defendants Marley and Freeman. After the Plaintiff filed the initial complaint and Second Amended Complaint, the Clerk's office sent the Plaintiff notices when proposed summonses were incomplete or missing. (Docs. 4, 12, 18, 74, 77). So, the Plaintiff had notice that such summonses were required after filing an amended complaint, and he had ample time to submit the proper summonses for Defendants Marley and Freeman. Interestingly, after he filed the Third Amended Complaint, the Plaintiff submitted a proposed summons for Defendant Easterling, (doc. 85), but not for Defendants Marley and Freeman. Because the Plaintiff has not shown good cause for failure to serve Defendants Marley and Freeman, and because no other circumstances warrant an extension of time, the court OVERRULES the Plaintiff's objections on this issue and adopts the Magistrate Judge's recommendation to dismiss Defendants Marley and Freeman for failure to serve.

After careful review of the file and a *de novo* review of the portions of the Recommendation to which the parties specifically objected, the court ORDERS as follows:

1. The court **OVERRULES** Defendants' Objections, (doc. 122);
2. The court **OVERRULES** the Plaintiff's Objections, (doc. 123);
3. The court **ADOPTS** the Recommendation of the Magistrate Judge, (doc. 121);
4. The court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss, (doc. 108);
5. The court **DISMISSES WITH PREJUDICE** Count I against Defendant John Shearon to the extent the Plaintiff seeks monetary damages against Shearon in his official capacity. The court **DISMISSES WITHOUT PREJUDICE** Count I to the extent the Plaintiff seeks prospective equitable relief.
6. The Plaintiff may proceed with his excessive-force claim in Count II against Defendant Austin Turner.
7. The Plaintiff may proceed with his failure-to-intervene claim in Count V against Defendant Easterling.
8. The court **DISMISSES WITHOUT PREJUDICE** the Plaintiff's deliberate-indifference claim in Count V against Defendant Easterling. The Plaintiff may seek leave to amend that claim through a properly supported motion filed in accordance with the Federal Rules of Civil Procedure and the court's applicable orders.
9. The court **DISMISSES** Defendants Marley and Freeman from this action for failure to serve.

The court **REFERS** this case back to the Magistrate Judge for further proceedings on the remaining counts.

**DONE** and **ORDERED** on this the 14th day of August, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE